IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 37043-7-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| ROBERT GAGE SREGZINSKI, | ) | |
| | ) | |
| Appellant. | ) | |

PENNELL, C.J. — Robert Gage Sregzinski appeals his convictions and sentence for first degree manslaughter and second degree assault. We affirm Mr. Sregzinski's convictions but remand for resentencing.

FACTS

The State initially charged Mr. Sregzinski with crimes relating to the death of Gabriel Ledezma Rodriguez. A probable cause certificate filed with the original information alleged Mr. Sregzinski shot Mr. Ledezma Rodriguez "over a drug debt" with a shotgun "at close range." Clerk's Papers (CP) at 1-2. When describing the events surrounding the homicide, the State generally referred to individuals other than Mr. Sregzinski or Mr. Ledezma Rodriguez anonymously as witnesses A, B, C, D, E, or F.

An individual identified as Witness B was mentioned throughout the probable cause certificate. Witness B was in a room with Mr. Sregzinski and Mr. Ledezma Rodriguez at the time of the shooting. The shooting left blood spatter on Witness B's clothing, hair, and face.

The original charges against Mr. Sregzinski were pending for over a year. The State then filed an amended information with nine charges, including first degree murder while armed with a firearm, first degree unlawful possession of a firearm, first degree attempted robbery while armed with a firearm, first degree assault while armed with a firearm, reckless endangerment, two counts of intimidating a witness while armed with a firearm, second degree murder while armed with a firearm, and unauthorized removal or concealment of a body.

Several months after the amended information was filed, Mr. Sregzinski agreed to plead guilty to one count of first degree manslaughter and one count of second degree assault. The amended information stated Mr. Sregzinski was charged with second degree assault under RCW 9A.36.021(1)(c) and "did assault Sarah M. Morse Hickman, a human being, with a deadly weapon, to-wit: a shotgun." CP at 16. Mr. Sregzinski's guilty plea statement, on the other hand, phrased this charge as Mr. Sregzinski "did assault Sarah M. Morse Hickman in a degree not amounting to 1st Degree." *Id.* at 18. When describing

2

in his "own words" what made him guilty of second degree assault in his plea statement,

Mr. Sregzinski reiterated, "I did assault Sarah Hickman in a degree not amounting to 1st

degree." *Id.* at 27.

At the change of plea hearing, the trial court reviewed the written plea statement

with Mr. Sregzinski. The court also confirmed Mr. Sregzinski had reviewed the plea

statement with his attorney.

After Mr. Sregzinski entered his guilty pleas, the trial court made the following

findings:

> Based on our colloquy here today I'll find the defendant's plea of
> guilty is made knowingly, voluntarily intelligently and voluntarily. I find
> Mr. Sregzinski understands the charges and what the consequences are of
> pleading guilty. I'm familiar with this file, have been since the beginning,
> and find that there is a factual basis for the plea as set forth in the
> Certificate of Probable Cause. And therefore, I do find him guilty as
> charged as to these two counts.

Report of Proceedings (RP) (May 20, 2019) at 9.

At sentencing, Mr. Sregzinski was determined to have an offender score of 9+ and

a total range of 210 to 280 months' imprisonment. Mr. Sregzinski's offender score was

based, in part, on a juvenile conviction for simple possession of controlled substances.

The trial court imposed a high-end sentence of 280 months. It also imposed community

3

custody conditions, a civil antiharassment protection order, and various legal financial

obligations.

Mr. Sregzinski timely appeals.

ANALYSIS

*Involuntary guilty plea*

Mr. Sregzinski claims his plea was invalid because it did not meet the criteria of

CrR 4.2(d). This court rule generally requires two things: (1) a plea be "made voluntarily,

competently and with an understanding of the nature of the charge and the consequences

of the plea" and (2) the court be satisfied there is a factual basis for the plea. To succeed

on his challenge to his plea, Mr. Sregzinski bears the "burden of showing manifest

injustice sufficient to warrant withdrawal of [the] plea . . . ." *State v. Codiga*, 162 Wn.2d

912, 929, 175 P.3d 1082 (2008).[1]

With respect to the first prong of CrR 4.2(d), all the information in the record

indicates Mr. Sregzinski understood his plea. The amended information governing

Mr. Sregzinski's plea specified that his second degree assault charge involved a shotgun

---

[1] Because Mr. Sregzinski's CrR 4.2(d) challenge implicates constitutional standards of due process, we will review it for the first time on appeal. RAP 2.5(a)(3).

and that the victim was Sarah Morse Hickman. The change of plea form stated Mr.

Sregzinski was pleading guilty to the amended information and that he had received a

copy of the information. His attorney also confirmed Mr. Sregzinski's plea "comport[ed]

to the  Amended Information." RP (May 20, 2019) at 2. Nothing in the record suggests

confusion on Mr. Sregzinski's part or an inability to understand the proceedings.

Given these circumstances, there is no basis to overturn the plea based on voluntariness

concerns.

The trial court also had an adequate factual basis for the plea. The court stated it

had found a factual basis for the plea based on information set forth in the certificate of

probable cause. Because the certificate of probable cause was part of the record, the court

was entitled to reference it under CrR 4.2(d). *See State v. Osborne*, 102 Wn.2d 87, 95,

684 P.2d 683 (1984) (The factual basis may be "any reliable source . . . so long as the

material relied upon by the trial court is made a part of the record."). Although the

certificate of probable cause did not explicitly identify Ms. Morse Hickman as Witness B,

the contents of the certificate coupled with Mr. Sregzinski's admissions were sufficient

for the trial court to make this inference.

Mr. Sregzinski's convictions by way of guilty plea are affirmed.

No. 37043-7-III
*State v. Sregzinski*

*Sentencing*

The parties agree Mr. Sregzinski is entitled to resentencing pursuant to *State v. Blake*, 197 Wn.2d 170, 481 P.3d 521 (2021). We accept this concession. Mr. Sregzinski has raised several additional arguments related to his sentence. Those claims may be raised at resentencing.

CONCLUSION

Mr. Sregzinski's convictions are affirmed. This matter is remanded for resentencing.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____, C.J.
Pennell, C.J.

WE CONCUR:


_____          _____
Lawrence-Berrey, J.                Fearing, J.

6